393 A.2d 304

**Ronald E. KENNO, a minor by Ronald A. Kenno, his parent and natural guardian and Ronald A. Kenno, in his own right, Appellants,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF STATE POLICE, James A. Barger, Commissioner.**

**Appeal of COMMONWEALTH of Pennsylvania, DEPARTMENT OF GENERAL SERVICES, Ronald G. Lench, Secretary.**

Supreme Court of Pennsylvania.

Argued May 25, 1978.

Decided Oct. 5, 1978.

Robert D. Kodak, Harrisburg, for appellants.

David Max Baer, Asst. Atty. Gen., Clyde W. McIntyre, Harrisburg, for appellees.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Richard E. Kenno, by his father, brought an action in trespass against appellees, the Department of State Police and the Department of General Services, two agencies of the Commonwealth of Pennsylvania and one official of each agency. The complaint sought compensation for injuries allegedly incurred when a state police vehicle struck the car in which appellants were riding. The Commonwealth Court dismissed the complaint against the Department of State Police and the Department of General Services on the grounds that, as agencies of the Commonwealth, they were protected by the sovereign immunity of the Commonwealth. It dismissed the complaint against the individual appellees on the ground that as "high public officials" they were absolutely immune from civil liability for acts done within the scope of their authority.*

In *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978), we abrogated the doctrine of sovereign immunity. In *DuBree v. Commonwealth of Pennsylvania*, 481 Pa. 540, 393 A.2d 293 (1978), we concluded that the liability of officials of the Pennsylvania Department of Transportation "should not have been analyzed solely on the basis of their status as employees of the

* We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 203, 17 P.S. § 211.203 (Supp.1978).

Commonwealth." 481 Pa. at 543, 393 A.2d at 294. We vacate the order of the Commonwealth Court and remand for further proceedings consistent with both opinions.

Order of the Commonwealth Court vacated and case remanded for proceedings consistent with this opinion.

Mr. Justice O'BRIEN and Mr. Justice POMEROY would affirm the order of the Commonwealth Court as to the Commonwealth of Pennsylvania for the reasons set forth in *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 406, 408, 388 A.2d 709, 720, 721 (1978) (O'Brien, J., dissenting; Pomeroy, J., dissenting). In all other respects, Mr. Justice O'BRIEN and Mr. Justice POMEROY join the Opinion of the Court.

NIX, J., filed a concurring and dissenting opinion.

EAGEN, C. J., dissents.

NIX, Justice, concurring and dissenting.

I concur in the opinion of the majority in so far as this Court has previously abrogated the doctrine of sovereign immunity. *See Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978); nevertheless, I dissent from the opinion of the majority on the issue of official immunity for the same reasons which are set forth in my dissenting opinion in *DuBree v. Commonwealth*, 481 Pa. 540, 393 A.2d 293 (1978) (Nix, J., dissenting).